UNITES STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: Case 3:15-bk-341-PMG
Chapter 7

Remi Gunn

Debtor.

ANSWER TO INVOLUNTARY PETITION

Debtor, Remi Gunn, submits this answer pursuant to Rule 1011[1].

1. James M. Thompson (the "Creditor") filed an involuntary petition under chapter 7 on January 28, 2015 [Doc.#1](the "Petition") against the Debtor.

2. The Creditor is the only petitioner and the Debtor has more than 12 creditors. Therefore, three creditors are required to sign the Petition under §303(b)(1).

3. The Creditor is the only petitioner and holds non-contingent, undisputed claims aggregating less than $15,325.00. Therefore, more than one petitioner is required to sign the Petition under §303(b)(2).

4. The statement by the Creditor under penalty of perjury in the Petition that he was owed on a "Contract Debt" the amount of "$23,727.00" was a materially false, fictitious and fraudulent statement.

5. A copy of a complaint in the Marion County Court filed by the Creditor against the Debtor and assigned case number 14-CC-914 (the "County Court Lawsuit") is attached. The complaint clearly demonstrates that the Creditor asserts his total claims against the Debtor are no more than $13,240.00.

[1] All references to statutory sections and chapters in this pleading are references to sections and chapters of the Bankruptcy Code, unless otherwise indicated. All references to a Rule or Rules in this pleading are references to a Rule or Rules contained in the Federal Rules of Bankruptcy Procedure, unless other wise indicated.

5. The Petition and the County Court Lawsuit by the Creditor were filed to harass and annoy the Debtor and were filed in bad faith. The Creditor ultimately seeks to coerce the Debtor into transferring an interest in her farm or paying usurious amounts for loans made to Debtor. A trial in the County Court Lawsuit was scheduled for February 5, 2015, and the Creditor filed the Petition on January 28, 2015 to avoid the trial.

6. A review of the public records in Martin County, Florida, and Marion County, Florida and the United States Bankruptcy Court for the Southern District of Florida indicate the Creditor is more than adept at filing frivolous pleadings, and recording documents to impede transaction and judicial process. Further, it is believed he is actively engaged in the practice of law without a license.

7. The Debtor has suffered damages as a result of the conduct of the Creditor. The potential sale of a horse farm owned by the Debtor has been halted; and the Debtor is handicapped and wheelchair bound and will incur unnecessary transportation costs in litigating this matter.

8. The Debtor is entitled to recover from the Creditor costs and reasonable attorney fees under §303(i)(1) as the Creditor was not qualified to file the Involuntary Petition.

9. The Debtor is entitled to recover damages proximately caused by the filing of the Involuntary Petition and punitive damages under §303(i)(2) as the Involuntary Petition was filed in bad faith.

10. The Debtor requests that all records of this case be sealed pursuant to §303(k)(1); and that the Court enter an order pursuant to §303(k)(2) prohibiting consumer credit reporting agencies from making reports relating to this proceeding.

11. Rule 1013(a) contemplates a hearing "at the earliest practical time" with respect to

a contested petition. The Debtor requests that an initial hearing consider only whether the Petition should be dismissed or an order for relief should be entered. If an order is entered dismissing the Petition, the Debtor requests that jurisdiction be retained for a second hearing to determine damages and sanctions against the Creditor.

WHEREFORE, Debtor seeks the following relief: entry of an order dismissing the Petition; a money judgment against the Creditor for costs, attorney fees, damages, and punitive damages; entry of an order sealing of the court file; and, entry of an order prohibiting credit reporting agencies from reporting this a case.

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been served by U.S. Mail, first class, postage prepaid or by electronic notice using Case Management/Electronic Case Filing ("CM/ECF") provided by the Clerk of the United States Bankruptcy Court for the Middle District of Florida, on February 11, 2015 upon: United States Trustee | 400 W Washington St | Ste 1100 | Orlando, Fl 32801-2217; and, James M. Thompson | 5631 SE Laguna Avenue | Stuart, Florida 34997.

By: /s/ *Richard A. Perry*
    RICHARD A. PERRY
    Florida Bar No. 394520
    820 East Fort King Street
    Ocala, Florida 34471-2320
    (352) 732-2299
    richardperry @ richard -a-perry.com
    Attorney for Debtor

**IN THE CIVIL COURT OF MARION COUNTY FLORIDA**

**CASE NO:** 14-CC-714

**JAMES M. THOMPSON**
**Plaintiff,**

**Vs.**

**REMI GUNN**
**Defendant.**

**COMPLAINT**

Comes now, James M. Thompson, individually acting *pro se* who files this Complaint and hereby shows cause;

1. Plaintiff entered into a Contract with Defendant to purchase real property, the Contract has been filed with the Marion County Florida Property Recorder's Office, copy herewith as **EXHIBIT 1.**

2. Terms of the Contract specify Plaintiff would lend Defendant funds in support of the Defendant and the property subject to the contract. Said funds would be repaid in cash or as a credit to the purchase price of the subject property.

3. The amount of funds loaned Defendant by Plaintiff were deposited into or transferred to Defendant's Bank of America Checking Account # [redacted]. Totaling $12,200.00 and are itemized below, to Wit;

   a. 01/16/2014 Cash deposit to Gunn BOA account $1000.00
   b. 01/22/2014 Cash deposit to Gunn BOA account $100.00
   c. 01/28/2014 Cash deposit to Gunn BOA account $100.00
   d. 02/19/2014 Cash deposit to Gunn BOA account $300.00
   e. 02/20/2014 Cash deposit to Gunn BOA account $500.00
   f. 03/18/2014 Cash deposit to Gunn BOA account $1000.00
   g. 04/24/2014 Cash deposit to Gunn BOA account $2000.00
   h. 05/20/2014 Cash deposit to Gunn BOA account $500.00
   i. 06/06/2014 Cash deposit to Gunn BOA account $200.00
   j. 06/18/2014 Cash deposit to Gunn BOA account $400.00
   k. 06/27/2014 Cash deposit to Gunn BOA account $400.00
   l. 07/15/2014 Cash deposit to Gunn BOA account $1000.00
   m. 07/24/2014 Cash deposit to Gunn BOA account $300.00
   n. 08/15/2014 Cash deposit to Gunn BOA account $300.00
   o. 0/27/2014 Cash deposit to Gunn BOA account $100.00
   p. 08/20/2014 Online Banking Transfer Gunn $400.00
   q. 08/26/2014 Online Banking Transfer Gunn $20.00
   r. 09/09/2014 Online Banking Transfer Gunn $200.00
   s. 09/15/2014 Online Banking Transfer Gunn $100.00

    t. 09/15/2014 Online Banking Transfer Gunn $200.00
u. 09/18/2014 Online Banking Transfer Gunn $ 45.00
v. 09/19/2014 Online Banking Transfer Gunn $300.00
w. 09/22/2014 Cash deposit to Gunn BOA account $570.00
x. 09/23/2014 Cash deposit to Gunn BOA account $200.00

**Sub Total $10,735.00**

In addition;

y. Plaintiff paid cash on behalf of Defendant Remi Gunn, for a Laptop PC $225.00 plus Remote PC repair $90.00 (1.5 Hours) = $315.00
z. Plaintiff paid cash on behalf of Defendant Remi Gunn, for a Real Estate Appraisal of the Subject Property $1,150.00

**Sub Total $1,465.00**
**Total $12,200.00**

4. Defendant agreed to record the original Quit Claim Deed from WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST Grantor; and REMI GUNN, the Defendant, copy herewith as **EXHIBIT 2.** Thereby validating Defendant's right to honor and complete the terms of the Contract with Plaintiff. Defendant has refused to record said Quit Claim Deed.

5. Defendant agreed subsequent to recording of the Quit Claim Deed described above para. 4. Defendant would execute and record a Quit Claim Deed from Defendant to Plaintiff thereby allowing finalization of the terms of the Contract. Defendant has refused to issue and record said Quit Claim Deed.

6. As a result of Defendant's egregious actions, Defendant has also breached the contract with Plaintiff and owes Plaintiff the funds loaned to Defendant in the amount of $12,200.00 plus recording fees, filing fees of $300.00, Summons Process of Service fee $40.00, miscellaneous cost for printing, postage, courier cost, fuel and travel cost of approximately $500.00. TOTAL including cost and fees $13,240.00 plus any and all applicable fees, penalties and interest under the auspices of Florida Statutes.

The Plaintiff has provided an AFFIDAVIT, an oath was taken attesting to his statements being true and correct. **EXHIBIT 3.**

Plaintiff prays the Honorable Court for all relief just and proper.

All rights reserved.

Respectively submitted this the 9th day of October, 2014.

James M. Thompson, *Pro Se*
5631 SE Laguna Ave.
Stuart, FL 34997
772.283.3749

**SERVICE LIST**

By SUMMONS process of service to;

Remi Gunn
1602 NE 17th Court
Ocala, FL 34470

I hereby certify SUMMONS process of service to be initiated and to be completed by the Marion County Sherriff's Department.

James M. Thompson 10/09/2014
Date

# EXHIBIT 1.

# CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE

**PARTIES:**

**REMI GUNN, 2901 SW 41ST STREET, APT. 3113, OCALA FLORIDA 34474** ("Seller"), and **JAMES M. THOMPSON, 5631 SE LAGUNA AVENUE, STUART, FLORIDA 34997** ("Buyer"), hereby agree that Seller shall sell and Buyer shall buy the following described Real Property and Personal Property (collectively "Property") pursuant to the terms and conditions of this Contract for Sale and Purchase and any riders and addenda ("Contract"):

**I.EGAL DESCRIPTION:**

(a) Legal description of the Real Property located in: **Marion** County, Florida: **The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.**

(b) Street address, city, zip, of the Property: **13776 NE Jacksonville Road, Citra, Florida 32113**

(c) Personal Property includes existing range, refrigerator, dishwasher, ceiling fans, light fixtures, and window treatments unless specifically excluded below.

Other items included are: **All Equine Related Personal Property**

Items of Personal Property (and leased items, if any) excluded are: existing range, refrigerator, dishwasher, ceiling fans, light fixtures,.

**II. PURCHASE PRICE** (U.S. currency): **SEE ADDENDUM** . . . . . . . . . . . . . $ To be determined

**PAYMENT:**

(a) Deposit held in escrow by **Remi Gunn** ("Seller") in the amount of . . **$ 10.00 and Valuable Considerations.**

(b) Additional escrow deposit to be made to Escrow Agent within **TBD** days after Effective Date (see Paragraph III) in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **TBD**

(c) Assumption of existing mortgage in good standing (see Paragraph IV(c)) having an approximate present principal balance of . . . . . . . . . . . . . . . . . . $ **NA SEE ADDENDUM**

(d) New mortgage financing with a Lender (see Paragraph IV(b)) in the amount of . . . . . . . . . $ **NA**

(e) Purchase money mortgage and note to Seller (See Paragraph IV(d)) in the amount of. . . $ **NONE**

(f) Other: . $ **NONE**

(g) Balance to close by cash or LOCALLY DRAWN cashier's or official bank check(s), subject to adjustments or prorations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **TBD**

**III. TIME FOR ACCEPTANCE OF OFFER AND COUNTEROFFERS; EFFECTIVE DATE:**

(a) If this offer is not executed by and delivered to all parties OR FACT OF EXECUTION communicated in writing between the parties on or before **January 16, 2014**, the deposit(s) will, at Buyer's option, be returned and this offer withdrawn. **UNLESS OTHERWISE STATED, THE TIME FOR ACCEPTANCE OF ANY COUNTEROFFERS SHALL BE 2 DAYS FROM THE DATE THE COUNTEROFFER IS DELIVERED.**

(b) The date of Contract ("Effective Date") will be the date when the last one of the Buyer and Seller has signed or initialed this offer or the final counteroffer. If such date is not otherwise set forth in this Contract, then the "Effective Date" shall be the date determined above for acceptance of this offer or, if applicable, the final counteroffer.

**IV. FINANCING:**

X (a) This is a cash transaction with no contingencies for financing;

___ (b) This Contract is contingent on Buyer obtaining approval of a loan ("Loan Approval") within _____ days after Effective Date for (CHECK ONLY ONE): ☐ a fixed; ☐ an adjustable; or ☐ a fixed or adjustable rate loan, in the principal amount of $_____________, at an initial interest rate not to exceed _________%, discount and origination fees not to exceed _________% of principal amount, and for a term of _______ years. Buyer will make application within _____ days (if blank, then 5 days) after Effective Date and use reasonable diligence to obtain Loan Approval and, thereafter, to satisfy terms and conditions of the Loan Approval and close the loan. Buyer shall pay all loan expenses. If Buyer fails to obtain a Loan Approval or fails to waive Buyer's rights under this subparagraph within the time for obtaining Loan Approval or, after

diligent, good faith effort, fails to meet the terms and conditions of the Loan Approval by Closing, then either party thereafter, by written notice to the other, may cancel this Contract and Buyer shall be refunded the deposit(s);

❑ (c) Assumption of existing mortgage (see rider for terms); or

❑ (d) Seller financing (see Standard B and riders; addenda; or special clauses for terms).

**V. TITLE EVIDENCE:** At least ____ days (if blank, then 5 days) before Closing:

❑ (a) Title insurance commitment with legible copies of instruments listed as exceptions attached thereto ("Title Commitment)" and, after Closing, an owner's policy of title insurance (see Standard A for terms); or ❑ (b) Abstract of title or other evidence of title (see rider for terms), shall be obtained by (CHECK ONLY ONE): ❑ (1) Seller, at Seller's expense and delivered to Buyer or Buyer's attorney; or X (2) Buyer at Buyer's expense.

**VI. CLOSING DATE:** This transaction shall be closed and the closing documents delivered on or before January 16, 2015 ("Closing"), unless modified by other provisions of this Contract. If Buyer is unable to obtain Hazard, Wind, Flood, or Homeowners' insurance at a reasonable rate due to extreme weather conditions, Buyer may delay Closing for up to 5 days after such coverage becomes available.

**VII. RESTRICTIONS; EASEMENTS; LIMITATIONS:** Seller shall convey marketable title subject to: comprehensive land use plans, zoning, restrictions, prohibitions and other requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; outstanding oil, gas and mineral rights of record without right of entry; unplatted public utility easements of record (located contiguous to real property lines and not more than 10 feet in width as to the rear or front lines and 7 1/2 feet in width as to the side lines); taxes for year of Closing and subsequent years; and assumed mortgages and purchase money mortgages, if any (if additional items, see addendum); provided, that there exists at Closing no violation of the foregoing and none prevent use of the Property for ALL INTENDED purpose(s).

**VIII. OCCUPANCY:** Seller shall deliver occupancy of Property to Buyer at time of Closing unless otherwise stated herein. If Property is intended to be rented or occupied beyond Closing, the fact and terms thereof and the tenant(s) or occupants shall be disclosed pursuant to Standard F.

If occupancy is to be delivered before Closing, Buyer assumes all risks of loss to Property from date of occupancy, shall be responsible and liable for maintenance from that date, and shall be deemed to have accepted Property in its existing condition as of time of taking occupancy.

**IX. TYPEWRITTEN OR HANDWRITTEN PROVISIONS:** Typewritten or handwritten provisions, riders and addenda shall control all printed provisions of this Contract in conflict with them.

**X. ASSIGNABILITY:** (CHECK ONLY ONE): Buyer X may assign and thereby be released from any further liability under this Contract; ____ may assign but not be released from liability under this Contract; or _____ may not assign this Contract.

**XI. DISCLOSURES:**

(a) ❑ CHECK HERE if the Property is subject to a special assessment lien imposed by a public body payable in installments which continue beyond Closing and, if so, specify who shall pay amounts due after Closing: ❑ Seller ❑ Buyer ❑ Other (see addendum).

(b) Radon is a naturally occurring radioactive gas that when accumulated in a building in sufficient quantities may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida.

Additional information regarding radon or radon testing may be obtained from your County Public Health unit.

(c) Buyer acknowledges receipt of the Florida Building Energy-Efficiency Rating System Brochure.

(d) If the real property includes pre-1978 residential housing then a lead-based paint rider is mandatory.

(e) If Seller is a "foreign person" as defined by the Foreign Investment in Real Property Tax Act, the parties shall comply with that Act.

(f) If Buyer will be obligated to be a member of a homeowners' association, **BUYER SHOULD NOT EXECUTE THIS CONTRACT UNTIL BUYER HAS RECEIVED AND READ THE HOMEOWNERS' ASSOCIATION DISCLOSURE.**

**XII. MAXIMUM REPAIR COSTS:** Seller shall not be responsible for payments in excess of:

(a) $ 0 for treatment and repair under Standard D (if blank, then 2% of the Purchase Price).

(b) $ 0 for repair and replacement under Standard N not caused by Wood Destroying Organisms (if blank, then 3% of the Purchase Price).

**XIII. RIDERS; ADDENDA; SPECIAL CLAUSES:**

CHECK those riders which are applicable AND are attached to this Contract:

___ CONDOMINIUM ❑ VA/FHA ❑ HOMEOWNERS' ASSN. ❑ LEAD-BASED PAINT

___ COASTAL CONSTRUCTION CONTROL LINE ❑ INSULATION ❑ "AS IS" ❑ Other Comprehensive Rider Provisions

X Addenda

Special Clause(s):

**SEE ATTTACHED ADDENDUM**

**XIV. STANDARDS FOR REAL ESTATE TRANSACTIONS ("Standards"):** Buyer and Seller acknowledge receipt of a copy of Standards A through W on the reverse side or attached, which are incorporated as part of this Contract.

**THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE ADVICE OF AN ATTORNEY PRIOR TO SIGNING.**

THIS FORM HAS BEEN APPROVED BY THE FLORIDA ASSOCIATION OF REALTORS® AND THE FLORIDA BAR.

Approval does not constitute an opinion that any of the terms and conditions in this Contract should be accepted by the parties in a particular transaction. Terms and conditions should be negotiated based upon the respective interests, objectives and bargaining positions of all interested persons.

**BUYER:** **SELLER:**

James M. Thompson 01/11/2013 Remi Gunn 1/14/14

JAMES M. THOMPSON (DATE) REMI GUNN (DATE)

Buyers' address for purposes of notice **5631 SE Laguna Avenue, Stuart, FL 34997**
Phone: **772.283.3749**

Sellers' address for purposes of notice **2901 SW 41ST Street, Apt. 3112, Ocala Florida 34474**
Phone: **352.443.1272**

**ATTACHMENTS:**

**ADDENDUM AFFIDAVIT to CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE**

# ADDENDUM AFFIDAVIT

THIS ADDENDUM AFFIDAVIT is part thereof:

**CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE, by and between;**

**REMI GUNN, 2901 SW 41ST STREET, APT. 3113, OCALA FLORIDA 34474** ("Seller"), and

**JAMES M. THOMPSON, 5631 SE LAGUNA AVENUE, STUART, FLORIDA 34997** ("Buyer"),

Legal description of the Real Property located in: **Marion** County, Florida: **The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.**

(b) Street address, city, zip, of the Property: **13776 NE Jacksonville Road, Citra, Florida 32113.**

WITNESSETH, that the said "Seller", for and in consideration of Ten Dollars ($10.00) in hand paid by the said "Buyer", and for other good and valuable consideration, the receipt whereof is hereby acknowledged, has by these presents does agree to the following terms and conditions for the Sale and Purchase of the above described lot, piece or parcel of land to wit:

"Buyer" acting in a mutually beneficial capacity for both parties agrees to within one year, provide all services and financial resources to protect the subject property from foreclosure, to provide a appraisal of the subject property, to produce a professional video of the Subject Property in order to enhance the sale potentials, to perform professional research in order to ascertain the marketing strategy to re-sell the subject property and to advance One Thousand Dollars ($1,000.00) to "Seller" per month from the date of the dates of the CONTRACT and this ADDENDUM.

It is understood between the parties there exist a outstanding lien on the property including all monies due to be in the approximate amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) is due. Said lien and all encumbrances as of the dates of the CONTRACT and this ADDENDUM are of a superior interest and will be paid in full upon closing the resale transaction.

Those expenses and subsequent expenses at cost will be paid from the remaining balance of funds realized by the resale of the property respective to the contributor "Seller" or "Buyer".

Further, any and all remaining balance of funds realized by the resale of the property of which the first One Hundred Thousand Dollars ($100.000.00) will be paid solely to the "Seller" and the balance will be divided equally between the "Seller" and the "Buyer", Fifty per cent (50%) paid to the "Seller" and Fifty per cent (50%) paid to the "Buyer".

TO HAVE AND TO HOLD THE SAME, together with all rights, title, interest and to inure to the heirs the terms and conditions of the CONTRACT and this ADDENDUM to each the "Seller" and the "Buyer"

The "Seller" a resident of the State of Florida, does hereby certify, swear, affirm and declare that I am competent to give the aforementioned declarations and have done so by my free will.

And,

IN WITNESS WHEREOF, the said "Seller" party has hereunto set its hand and seal the day and year first above written.

WITNESS my signature this 16TH day of January, 2014.

REMI GUNN, Affiant

NOTARY: Debra Dietrich Ramirez

STATE OF FLORIDA:

DEBRA DIETRICH-RAMIREZ
Notary Public - State of Florida
My Comm. Expires Nov 25, 2016
Commission # EE 853615

COUNTY OF Citrus :

DATED: ~~Jan, 16, 2014~~ Jan, 16, 2014

The "Buyer" a resident of the State of Florida, does hereby certify, swear, affirm and declare that I am competent to give the aforementioned declarations and have done so by my free will.

And,

IN WITNESS WHEREOF, the said "Buyer" party has hereunto set its hand and seal the day and year first above written.

WITNESS my signature this 11th day of January, 2014.

JAMES M. THOMPSON, Affiant

NOTARY:

STATE OF FLORIDA:

JOSE TAPIA
Notary Public - State of Florida
My Comm. Expires Apr 13, 2014
Commission # DD 981766
Bonded Through National Notary Assn.

COUNTY OF Martin .

DATED: 1/18/14

# EXHIBIT 2.

This instrument prepared by:
George H. Gwynn
Williams, Gautier, Gwynn, DeLoach, & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128

Parcel Identification No.: 07816-000-00

## TRUSTEE'S DISTRIBUTIVE DEED

THIS INDENTURE, made on March 4th, 2014, between WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST dated 12/23/96 (herein "Trust"), made by NANCY REID GUNN, whose address is 2003 E. Randolph Circle, Grantor; and REMI GUNN, whose address is 1602 NE 17th Court, Ocala, Florida, 34470, Grantee.

WITNESSETH:

That the Grantor, pursuant to the powers granted the Trust, and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations in hand paid, grants, bargains, aliens, remises, releases, conveys, and confirms to the Grantee, and the Grantee's heirs, personal representatives, successors, and assigns forever that certain real property situate in Marion County, Florida, more particularly described as follows:

The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.

LESS AND EXCEPT:

Commence at the intersection of the South boundary of the East ½ of the Northwest ¼ of Section 21, Township 13 South, Range 22 East, with the West right-of-way line of state Road 200A (aka Old 301) thence N 00 degrees 24'08" E West right-of way line a distance of 211.18 feet to a concrete monument (previous deeds indicate that this call is 210.00 feet) to the Point of Beginning, thence continue N 00 degrees 24'08" E along said West right-of way line a distance of 587.38 feet thence N 88 degrees 1 3'36" W a distance of 1286.02 feet to a point on the West boundary of the East ½ of the NW ¼ of said Section 21, thence S 01 degrees 35'14" W along said West boundary a distance of 587.21 feet, thence S 88 degrees 13'36" E a distance of 1298.17 feet to the Point of Beginning.

SUBJECT TO:

1. Reservations, dedications, easements and restrictions of record.
2. Taxes for the year 2014 and all subsequent years.
3. All valid zoning ordinances of governmental bodies.

TOGETHER WITH all and singular the tenements, hereditament, and appurtenances belonging or in any way appertaining to the real property.

TO HAVE AND TO HOLD the same unto to the Grantee, the Grantee's heirs, personal representatives, successors, and assigns, in fee simple forever.

AND THE Grantor covenants to and with the Grantee, the Grantee's heirs, personal representatives, successors, and assigns, that he presently serves as Trustee of the Trust, that the Trust is in full force and effect, that he as Trustee is empowered by the Trust to enter into this deed, and that all things preliminary to and in and about this conveyance and the laws of the State of Florida have been followed and complied with in all respects.

AND THE Grantor further covenants with the Grantee that the Grantor has good right and lawful authority to convey the property and Grantor warrants the title to the property for any acts of Grantor and will defend the title against all lawful claims of all persons claiming by, through, or under the Grantor. Where used herein the terms Grantor and Grantee shall be construed as singular and plural as the context requires.

IN WITNESS WHEREOF, Grantor has set his hand and seal on the date and year first above written.

Signed, sealed and delivered
in the presence of:

Witness Signature

Katie O'Steen
Print Witness Name

Witness Signature

Celinda C. Young
Print Witness Name

(SEAL)
WALLIS L. WALKER, JR., as Trustee

STATE OF FLORIDA
COUNTY OF LEON

The foregoing trustee's distributive deed was sworn to and acknowledged before me this 4th day of March, 2014, by WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST u/t/d 12/23/96, who is ☒ personally known to me or who has ☐ produced ____________________ as identification.

CELINDA C. YOUNG
Commission # EE 849918
Expires December 25, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

Print Notary Name: Celinda C. Young
Notary Public, State of Florida at Large

# EXHIBIT 3.

**AFFIDAVIT**

I, JAMES M. THOMPSON a resident of Florida, County of Martin, do hereby certify, swear, affirm and declare that I am competent to give the following declaration based on my personal knowledge, and the preceding facts and issues are true and correct to the best of my knowledge;

As Plaintiff, IN THE CIVIL COURT OF MARION COUNTY FLORIDA
Re: JAMES M. THOMPSON Plaintiff, Vs. REMI GUNN Defendant.

WITNESS my signature this 8th day of October, 2014.

James M. Thompson

James M. Thompson, Affiant

Either known to me or having proper identification, Affiant personally came before me and having been duly sworn did state and affirm the above statements. On this the 8th day of October, 2014.

NOTARY: Melissa Marie Knox
Melissa Marie Knox

State of Florida
County of Martin ____________________

SEAL:

MELISSA MARIE KNOX
Notary Public, State of Florida
Commission # FF 21326
My comm. expires May 23, 2017