UNITES STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) ) ) ) | Case 3:15-bk-341-PMG |
| | ) | Chapter 7 |
| Remi Gunn | ) ) | |
| Debtor. | ) ) ) | |
| _____ | ) | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Debtor, Remi Gunn, moves for a partial summary judgment which provides for dismissal of the involuntary petition and a reservation of jurisdiction to determine damages, costs, attorneys fees, and such other relief as requested in the Answer filed by Debtor.

1. Debtor contends there is no genuine issue of any genuine fact in this proceeding and Debtor is entitled to a judgment dismissing the involuntary petition as a matter of law. This motion is filed under authority of Rule 1018 which makes applicable Rule 7056 with respect to contested involuntary petitions initiated by creditors. Rule 7056 incorporates the provisions of Fed.R.Civ.Pro. 56 which governs motions for summary judgment.

2. James M. Thompson (the "Petitioner") filed an involuntary petition under chapter 7[1] on January 28, 2015 [Doc.#1](the "Petition") against the Debtor. The involuntary petition contains a verified statement by Petitioner that he is owed $23,727.00. No other creditor has joined in the filing of the involuntary petition. Debtor relies on the pleadings filed in this case, including the Statement under Penalty of Perjury in Support of Motion for Partial Summary

---

[1] All references to statutory sections and chapters in this pleading are references to sections and chapters of the Bankruptcy Code, unless otherwise indicated by appropriate legal citation. All references to a Rule or Rules in this pleading are references to a Rule or Rules contained in the Federal Rules of Bankruptcy Procedure, unless other wise indicated by appropriate legal citation.

Judgment (the "Statement") filed simultaneously with this motion. The Statement contains a fairly detailed account of the agreements, transactions and relationship between the Petitioner and Creditor.

      3. Petitioner does not hold non-contingent undisputed claims totaling more than $15,325.00, and he is the only creditor who joined in the filing of the involuntary petition. Therefore, he is not entitled to proceed on the involuntary petition under §303(b)(2). Further, Debtor has more than 12 creditors whose claims are not contingent or disputed and, therefore, at least three creditors holding such claims which total in the aggregate more than $15,325.00 are required to join in the involuntary petition under §303(b)(1).

      4. The provisions of §303(b)(1) requires, if there are 12 creditors or more, an involuntary petition must be filed by three or more creditors holding claims against a debtor which are "not contingent as to liability or the subject of a bona fide dispute as to any liability or amount" which aggregate at least $15,325.00; or, under §303(b)(2), if there are less than 12 creditors, an involuntary petition may be filed by at least one or more creditors who hold such claims which aggregate at least $15,325.00.

      5. Due to the provisions of §303(b), it appears that the first test, regardless as to the number of creditors who may have filed an involuntary petition, is to determine whether those who filed the involuntary petition hold claims which are "not contingent as to liability or the subject of a bona fide dispute as to any liability or amount" and which aggregate at least $15,325.00. This is without regard to the number of creditors who filed the involuntary petition.

      6. Debtor asserts that the claims held by Petitioner are contingent as to liability; the claims are subject to bona fide dispute; and, the claims aggregate less than $15,325.00, as set forth in the Statement.

7. The claim held by Petitioner is based upon an "Agreement" (as described in the Statement") which contemplates the sale of a farm owned by the Debtor. Under the terms of the Agreement, the debt to Petitioner is not owed until the property sells, and it has not. If the property does not sell, the Debtor is not obligated to the Petitioner. Therefore, the debt is contingent as to liability.

8. The claims held by Petitioner are subject to a bona fide dispute. The Agreement provides for the payment of a commission or compensation for the sale of real property to an unlicensed real estate broker and is invalid under the provisions of Fla. Stat.§475.41. Further, the funds Debtor received from Creditor in the amount of $12,200.00 cannot be construed as a valid and enforceable extension of credit are also subject to a bona fide dispute. Due to the provisions of the Agreement, the Petitioner would receive interest in excess of 45% per annum. That is "Loan Sharking" under Florida law and an unenforceable debt under Fla. Stat.§687.071.

9. Petitioner is judicially estopped from asserting he is owed more than $13,240.00. You will find attached to the Statement as Exhibit B a copy of a complaint filed by Petitioner in the Marion County Court. This complaint contains a statement under oath whereby the Petitioner verifies the statements set forth in the complaint under oath. The complaint alleges he is owed a "TOTAL including costs and fees" of ........ " $13,240.00". It should be noted, as set forth in the Statement, that the Petitioner never amended the complaint, and filed the involuntary petition less than five days prior to a trial on the complaint. Notwithstanding the foregoing, in the involuntary petition , the Petitioner stated, under penalty of perjury, he is owed $27,727.00. In the Proof of Claim filed by Petitioner [Doc.#17] made under penalty of perjury, the Petitioner asserts he is owed 24,269.03. Further, Petitioner, in a response [Doc.# 7]to the answer filed by Debtor, moved to amend the involuntary petition to indicate he was owed only $13,000.00. The

Petitioner takes extremely inconsistent positions under oath at his convenience; it is clear his inconsistencies are calculated to make a mockery of the judicial system; and he is bound by his prior statements under oath that he is owed no more than $13,240.00, under principals of judicial estoppel . Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir., 2002); In re Engelbrecht, 368 B.R. 898 (Bankr.M.D.Fla., 2007).

    10.  Petitioner is the only creditor who has signed the involuntary petition and the Debtor has more than 12 creditors whose claims are not contingent or disputed. This is documented in the Statement. Therefore, three creditors are required to sign the Petition under §303(b)(1).

By: /s/ Richard A. Perry
**RICHARD A. PERRY**
Florida Bar No. 394520
820 East Fort King Street
Ocala, Florida 34471-2320
(352) 732-2299
richardperry @ richard -a-perry.com
Attorney for Debtor

## **CERTIFICATE OF SERVICE**

      I CERTIFY that a copy of the foregoing has been served by U.S. Mail, first class, postage prepaid or by electronic notice using Case Management/Electronic Case Filing ("CM/ECF") provided by the Clerk of the United States Bankruptcy Court for the Middle District of Florida, on April 16, 2015 upon: United States Trustee | 400 W Washington St | Ste 1100 | Orlando, Fl 32801-2217; and, James M. Thompson | 5631 SE Laguna Avenue | Stuart, Florida 34997.

                                          By: /s/ Richard A. Perry
                                          **RICHARD A. PERRY**
                                          Florida Bar No. 394520
                                          820 East Fort King Street
                                          Ocala, Florida 34471-2320
                                          (352) 732-2299
                                          richardperry @ richard -a-perry.com
                                          Attorney for Debtor