UNITES STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
| In re: | ) | Case 3:15-bk-341-PMG |
|  | ) | Chapter 7 |
| REMI GUNN | ) | |
|  | ) | |
| Debtor. | ) | |
|  | ) | |
| _____ | ) | |

**STATEMENT UNDER PENALTY OF PERJURY
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Debtor, Remi Gunn, makes the following statement under penalty of perjury in support of her motion for partial summary judgment.

1.  I am the Debtor in the above captioned case and make this statement based upon my own personal knowledge.

2.  I have reviewed the Creditor's Proof of Claim by Affidavit with Supporting Documentation [Doc.#17] (the "Affidavit") filed by the petitioning creditor, James M. Thompson, (the "Petitioner") and I acknowledge that I received $12,200.00 in cash and benefits from him as stated in the Affidavit.

3.  The Affidavit has attached to it several documents all of which are recorded in the public records of Marion County, Florida in O.R. Book 6110/1856 (collectively the "Agreement").  These documents were  prepared by the Petitioner who promised to help me save my property from foreclosure and market and sell it for me. I am disabled, wheelchair bound, and have only limited income.  My farm is being foreclosed by Regions Bank and that is why I entered into the Agreement.  Petitioner holds himself out as someone who assists persons whose

real property is being foreclosed and charges fees for his services.

4.   I was not aware that the Petitioner was not a lawyer until he refused to sign the answer and affirmative defenses (the "Answer") he prepared for me to sign in the foreclosure case filed by Regions Bank.   A copy of the Answer which  Petitioner prepared and I signed and filed in the foreclosure case is  attached as Exhibit A.

5.   Petitioner filed suit against me in the Marion County Court in case number 42-2014-CC-000714 (the  "Lawsuit") prior to filing the Involuntary Petition [Doc.#1] in this bankruptcy case when I chose to engage a licensed Florida real estate broker.  A copy of the complaint (the "Complaint")  filed in the Lawsuit is attached as Exhibit B.  Petitioner has filed two notices of lis pendens in the public records of Marion County, Florida to cloud title to my real estate and to make it difficult to sell. While the Petitioner did file notices of lis pendens, the Lawsuit has nothing to do with the title, ownership, or interest in my real property, it is only a suit for money.  Copies of the two notices of lis pendens are attached as Exhibit C.

6.   Petitioner alleged that he was owed only $12,200.00 together with court costs in the Complaint. The basis for recovery of money under the Complaint is a breach of the Agreement.  A copy of the docket for the Lawsuit shows that no amendments were made to the Complaint.  The trial in the lawsuit was scheduled for February 5, 2015 as set forth in an order from the County Court judge.  Petitioner filed the Involuntary Petition in this case on February 3, 2015 to avoid trial.  A copy of the order scheduling the trial is attached as Exhibit D.  A copy of the docket is attached as Exhibit E.

7.  The Petitioner is not a Florida licensed real estate agent or broker and he has admitted that to me. The records of  Florida Department of Business & Professional Regulation indicate

no one bearing the name of the Petitioner is licensed in Florida as a real estate sales agent or

broker. Those documents are attached as Exhibit F.

8.   While I acknowledge receiving funds of $12,200.00 from the Petitioner, I dispute that

any amount is owed to him. The Agreement provides for the payment of a commission or

compensation for the sale of real property to an unlicensed real estate broker and is invalid under

the provisions of Fla. Stat.§475.41.

9.   The funds I received cannot be construed as a valid and enforceable extension of credit

and are also disputed, if the money I received is perceived to be a loan. The Addendum Affidavit

to the Agreement provides that upon the sale of the real property and satisfaction of the

mortgage, the Petitioner will be reimbursed for any expenses he incurred and the Petitioner and

Debtor will then split any proceeds over and above the first $100,000.00 paid to Debtor.  That

means the Petitioner would be entitled to in excess of $50,000.00 in interest for an extension of

credit in the amount of $12,200.00 upon the sale of the real property under a pending contract.

That would also mean the Petitioner would receive interest in excess of 45% per annum. That is

"Loan Sharking" under Florida law and an unenforceable debt under Fla. Stat.§687.071.

10.   While I acknowledge receiving funds of $12,200.00 from the Petitioner, I dispute

that any amount owing to him is non-contingent.  If the Agreement is a valid and enforceable

agreement under Florida law, any amount owing is contingent upon the sale of the real property

which has not occurred. Reference is made to the contingencies set forth in that portion of the

Agreement labeled as the "Addendum Affidavit".

11.   In addition to the above, I have more than 12 creditors who hold non-contingent

undisputed claims. My credit report indicates I have 32 collection accounts which are active.  A

copy of my credit report is attached as Exhibit G.  A partial list of my non-contingent and

undisputed debts are as follows : Marion  County Tax Collector (Ad Valorem Real Property Taxes), Regions  Bank (Mortgage),  MJ Altman (Medical Services),  Paddock Park Apartments LP (Past Due Rent Owed after Eviction), Pinnacle Credit Services (Factored Debt), Calvary Portfolio Services (Factored Debt), MediCredit (Medical Services), United Collection Service (Consumer Debt),  Gulf Coast Collections (Consumer Debt), NE Credit and Collections (Consumer Debt), Hunter  Warfield (Consumer Debt), Doctors Business Bureau (Medical Services), Nationwide Recovery Systems (Consumer Debt),  Ginny's Inc. (Consumer Debt), Sears (Consumer Debt). These claims are not contingent as to liability;  the claims are not subject to bona fide dispute; and, the unsecured claims aggregate more than $15,325.00

[THIS SPACE IS LEFT INTENTIONALLY BLANK]

[THE NEXT PAGE CONTAINS THE DECLARATION,
UNDER PENALTY OF PERJURY OF THE DEBTOR, REMI GUNN]

# EXHIBIT A

IN THE CIRCUIT COURT IN THE FIFTH
JUDICIAL CIRCUIT IN AND FOR MARION,
COUNTY FLORIDA. CIVIL DIVISION
CASE NO. 13-CA-3444

REGIONS BANK D/B/A REGIONS MORTGAGE,

    Plantiffs,

    vs.

REMI A. GUNN AND NANCY REID GUNN, If living,
And all unknown parties claiming by, through, under
or against the above named Defendants who are not
known to be dead or alive, whether said unknown parties
may claim an interest as spouses, heirs, devisees, grantees,
assignees, lienors, creditors, trustees or other claimants,
claiming by, through, under or against the said REMI A GUNN
or NANCY REID GUNN; NANCY REID GUNN AS
TRUSTEE OF THE NANCY REID GUNN REVOCABLE
TRUST DATED DECEMVER 23, 1996 AND AS AMENDED;
UNKNOWN TENANT # 1; AND UNKNOWN TENANT # 2,

    Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLANTIFF'S VERIFIED COMPLAINT FOR FORECLOSURE

COMES NOW, Defendants, REMI A. DUNN, et. al., individually acting *pro se*, and files this Defendant's Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Foreclosure and states the as following:

1. ADMITTED., with exception to Plaintiff's have portrayed copies of an alleged Mortgage and Promissory Note not the original "wet ink" documents.
2. DENIED, subject documents have not been Witnessed or Notarized as required regarding Florida Statute and are subject to assertion of the Original "wet ink" Mortgage and Promissory Note qualifications as required by Florida Statute.
3. DENIED, Defendants are without knowledge.
4. DENIED, Defendants are without knowledge.
5. DENIED, Defendants are without knowledge.
6. DENIED, Defendants will assert their right to request the verification of the debt, and hereby do so and put Plaintiff's to provide a DEBT VALIDATION LETTER.
7. DENIED, Defendants are without knowledge.
8. DENIED, SEE: para. 2. and para.6. above.
9. DENIED, as Defendants, each and all, are without knowledge.
10. DENIED, Defendants are without knowledge.
11. DENIED, as Defendants, each and all, are without knowledge.
12. DENIED, as Defendants, each and all, are without knowledge.



IN THE CIRCUIT COURT IN THE FIFTH
JUDICIAL CIRCUIT IN AND FOR MARION,
COUNTY FLORIDA.  CIVIL DIVISION
CASE NO. 13-CA-3444

13. DENIED, as Defendants, each and all, are without knowledge.
14. DENIED. as Defendants, each and all, are without knowledge.

FURTHER DENIED, as Defendants, each and all, are without knowledge, to include
sub paragraphs 1st., 2nd, 3rd , and 4th. page 5. ADMITTED in part as to potential
claims by DEFENDANTS.  Further Defendants OBJECT to Plaintiff's Verified
Foreclosure Complaint, it is flawed from the onset is not conforming or in compliance
with Florida Statutes and Florida Rules of Court and Procedure.

All rights reserved.

By: _____
    REMI A. GUNN, *pro se*
    2901 SW 41ST Street, Apt. 3112
    Ocala Florida 34474
    P. 352.

## AFFIRMATIVE DEFENSES

By way of asserted Affirmative Defenses, the Defendants, each and all of them,
state the following:

FAILURE TO STATE A CAUSE OF ACTION:  Defendants, each and all, would assert
as an Affirmative Defense that Plaintiff has failed to state a viable cause of action, as the
Plaintiff has failed to sufficiently please the terms of the note in the operative complaint.

STANDING: Defendants, each and all, would assert as an Affirmative Defense that the
contractual assignment was not in accord with applicable law, and that the operative
complaint fails to state a reasonable chain of ownership for the promissory note, or re-
establish the note, hence the Plaintiff lacks standing to pursue foreclosure litigation as the
proper party plaintiff. Although Plantiff claims to be the holder of the promissory note,
there is an indication in the pleadings and case acts that establish that rather than Plaintiff,
the Mortgage Electronic Registration Systems, Inc ("MERS") is the actual holder of the
mortgage and or promissory note.

PLANTIFF NOT A HOLDER IN DUE COURSE: Defendants, each and all, would assert
as an, Affirmative Defense that Plaintiff is not holder in due course,  as Plaintiff has
failed to show proof of the geniuses of the endorsement and/or allonge. Pursuant to
section 673.3091, Florida Statues, when establishing a instrument, the Plaintiff must

allege that it will indemnify and hold harmless the Defendant from any loss possibly incurred by reason of a claim by another to enforce the note and mortgage. Defendants, each and all, would assert that Plaintiff has failed to do so in the operative complaint. The statements and argument contained in defendants' Standing Affirmative Defense is incorporated by reference herein.

LACK OF NOTICE: There are substantial numbers of notices embedded in the instant contractual relationship between the parties, all of which have not been given by the plaintiffs to Defendants as prescribed. Defendants, each and all would assert as an Affirmative Defense that there was not proper notice provided by Plaintiff, pursuant to the terms and conditions of the operative promissory note.

FAILURE TO COMPLY WITH TRUTH IN LENDING ACT ("TILA"): By way of an asserted Affirmative Defense as codified as 15 U.S.C. Section 1601 et seq., Defendants, each and all, would assert that Plaintiffs have failed to comply with all applicable provisions, hereby rendering the Plaintiff's operative complaint premature, and without proper predicates.

UNCLEAN HANDS: Defendants, each and all, would assert as an Affirmative Defense that Plaintiff has unclean hands due to its actions, and is therefore prohibited from obtaining the equitable relief of foreclosure prayed for in the operative complaint.

FAILURE TO COMPLY WITH NATIONAL HOUSING ACT: Defendants, each and all, would state that Plaintiff has failed to comply with the foreclosure prevention loan servicing requirements imposed on all Plaintiffs pursuant to the National Housing Act, 12 U.S.C. 170x(c) (5), which requires all private lenders serving non-federally insured home loans to advise borrowers of any home ownership counseling offered by the U.S. Department of Housing and Urban Development. Defendants, each and all, would assert that an affirmative duty has been imposed by statue on Plaintiff, with said duty owed to Defendants, each and all, breached by Plaintiff, all to the detriment of Defendants, each and all.

LACK OF CONDITIONS PRECEDENT: Defendants, each and all, would assert as an Affirmative Defense that Plaintiffs has failed to comply with all statutory and regulatory conditions precedent to initiation foreclosure litigation, and therefore should not be allowed to proceed forward at suit, including, not limited to, the necessary witnesses for execution of land sale contracts and conveyances, and the statutory duty imposed on Plaintiff, as a non-resident of the State of Florida, pursuant to Section 57.011 Florida Statues, to post a cost bond as a condition precedent to the pursuit of litigation as a non-resident party plaintiff.

FRAUD IN THE INDUCEMENT: Defendants, each and all, would, assert that they were fraudulently induced into the contractual agreements referenced by plaintiff in the operative complaint, and that the material misrepresentations as to the affordability of the

IN THE CIRCUIT COURT IN THE FIFTH
JUDICIAL CIRCUIT IN AND FOR MARION,
COUNTY FLORIDA. CIVIL DIVISION
CASE NO. 13-CA-3444

mortgage and promissory note contractual obligations, as well as the ability of the
Defendants to make said mortgage and promissory note contractual payments on time,
were made by Plaintiff relied on by Defendants, each and all, to their substantial material
and financial detriment.

Further, Plaintiffs, each and all, would assert as an Affirmative Defense that all appraisals
requested and provided by Appraiser to the Plaintiff-Lender, were fraudulently inflated
by the Appraiser, in collusion with the Plaintiff-Lender, and that said Appraiser operated
as a de facto and /or ostensible agent of the Plaintiff-Lender, such that Defendants, each
and all, materially and detrimentally relied on said material misrepresentations as to
property value appraisal related to the purchase price of the real property at issue, as well
as the financial mortgage and promissory note obligations incurred by Defendants, each
and all, as a result of Plaintiff-Lender's fraudulent inducement, directly and through
ostensible agents, such that there was not a requisite meeting of the minds and arm's
length transactions sufficient to form a valid contract by and between the parties.
Therefore, a valid contract was not formed between Plaintiff and Defendants, each and
all, relieving Defendants, each and all of any further contractual obligations incurred
under an invalid contract induced by fraud and material misrepresentations.

Respectively submitted this the 9th day of December, 2013.


By: _____
REMI A. GUNN, *pro se*
2901 SW 41ST Street, Apt. 3112
Ocala Florida 34474
P. 352.443.1272

IN THE CIRCUIT COURT IN THE FIFTH
JUDICIAL CIRCUIT IN AND FOR MARION,
COUNTY FLORIDA.  CIVIL DIVISION
CASE NO. 13-CA-3444

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Answers to the Complaint, with Affirmative Defenses, has been furnished by USPS First Class Mail, to Counsel for Plaintiff, Rod B. Neuman, Esquire, GIBBONS, NEUMAN, BELLO, SEGALL, ALLEN & HALLORAN, P.A. 3321 Henderson Boulevard, Tampa, Florida 33609 on this 9th day of Decemberr, 2013.

By: _Remi A. Gunn_

REMI A. GUNN, *pro se*

# EXHIBIT B

# IN THE CIVIL COURT OF MARION COUNTY FLORIDA

CASE NO: 14- CC- 714

**JAMES M. THOMPSON**
**Plaintiff,**

Vs.

**REMI GUNN**
**Defendant.**

## COMPLAINT

Comes now, James M. Thompson, individually acting *pro se* who files this Complaint and hereby shows cause;

1. Plaintiff entered into a Contract with Defendant to purchase real property, the Contract has been filed with the Marion County Florida Property Recorder's Office, copy herewith as **EXHIBIT 1.**

2. Terms of the Contract specify Plaintiff would lend Defendant funds in support of the Defendant and the property subject to the contract. Said funds would be repaid in cash or as a credit to the purchase price of the subject property.

3. The amount of funds loaned Defendant by Plaintiff were deposited into or transferred to Defendant's Bank of America Checking Account # ▉▉▉▉▉▉▉. Totaling $12,200.00 and are itemized below, to Wit;

   a.  01/16/2014 Cash deposit to Gunn BOA account $1000.00
   b.  01/22/2014 Cash deposit to Gunn BOA account $100.00
   c.  01/28/2014 Cash deposit to Gunn BOA account $100.00
   d.  02/19/2014 Cash deposit to Gunn BOA account $300.00
   e.  02/20/2014 Cash deposit to Gunn BOA account $500.00
   f.  03/18/2014 Cash deposit to Gunn BOA account $1000.00
   g.  04/24/2014 Cash deposit to Gunn BOA account $2000.00
   h.  05/20/2014 Cash deposit to Gunn BOA account $500.00
   i.  06/06/2014 Cash deposit to Gunn BOA account $200.00
   j.  06/18/2014 Cash deposit to Gunn BOA account $400.00
   k.  06/27/2014 Cash deposit to Gunn BOA account $400.00
   l.  07/15/2014 Cash deposit to Gunn BOA account $1000.00
   m.  07/24/2014 Cash deposit to Gunn BOA account $300.00
   n.  08/15/2014 Cash deposit to Gunn BOA account $300.00
   o.  0/27/2014 Cash deposit to Gunn BOA account $100.00
   p.  08/20/2014 Online Banking Transfer Gunn $400.00
   q.  08/26/2014 Online Banking Transfer Gunn $20.00
   r.  09/09/2014 Online Banking Transfer Gunn $200.00
   s.  09/15/2014 Online Banking Transfer Gunn $100.00



t. 09/15/2014 Online Banking Transfer Gunn $200.00
u. 09/18/2014 Online Banking Transfer Gunn $ 45.00
v. 09/19/2014 Online Banking Transfer Gunn $300.00
w. 09/22/2014 Cash deposit to Gunn BOA account $570.00
x. 09/23/2014 Cash deposit to Gunn BOA account $200.00

**Sub Total $10,735.00**

In addition;

y. Plaintiff paid cash on behalf of Defendant Remi Gunn, for a Laptop PC $225.00 plus Remote PC repair $90.00 (1.5 Hours) = $315.00
z. Plaintiff paid cash on behalf of Defendant Remi Gunn, for a Real Estate Appraisal of the Subject Property $1,150.00

**Sub Total $1,465.00**
**Total $12,200.00**

4. Defendant agreed to record the original Quit Claim Deed from WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST Grantor; and REMI GUNN, the Defendant, copy herewith as **EXHIBIT 2.** Thereby validating Defendant's right to honor and complete the terms of the Contract with Plaintiff. Defendant has refused to record said Quit Claim Deed.

5. Defendant agreed subsequent to recording of the Quit Claim Deed described above para. 4. Defendant would execute and record a Quit Claim Deed from Defendant to Plaintiff thereby allowing finalization of the terms of the Contract. Defendant has refused to issue and record said Quit Claim Deed.

6. As a result of Defendant's egregious actions, Defendant has also breached the contract with Plaintiff and owes Plaintiff the funds loaned to Defendant in the amount of $12,200.00 plus recording fees, filing fees of $300.00, Summons Process of Service fee $40.00, miscellaneous cost for printing, postage, courier cost, fuel and travel cost of approximately $500.00. TOTAL including cost and fees $13,240.00 plus any and all applicable fees, penalties and interest under the auspices of Florida Statutes.

The Plaintiff has provided an AFFIDAVIT, an oath was taken attesting to his statements being true and correct. **EXHIBIT 3.**

Plaintiff prays the Honorable Court for all relief just and proper.

All rights reserved.

Respectively submitted this the 9th day of October, 2014.

James M. Thompson, *Pro Se*
5631 SE Laguna Ave.
Stuart, FL 34997
772.283.3749

## SERVICE LIST

By SUMMONS process of service to;

Remi Gunn
1602 NE 17th Court
Ocala, FL 34470

      I hereby certify SUMMONS process of service to be initiated and to be completed by the
Marion County Sherriff's Department.

                                        10/09/2014

                      James M. Thompson        Date

# EXHIBIT 1.

# CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE

**PARTIES:**

__REMI GUNN, 2901 SW 41ST STREET, APT. 3113, OCALA  FLORIDA 34474__          ("Seller"),
and_____

__JAMES M. THOMPSON, 5631 SE LAGUNA AVENUE, STUART, FLORIDA 34997__    ("Buyer"),
hereby agree that Seller shall sell and Buyer shall buy the following described Real Property and Personal
Property (collectively "Property") pursuant to the terms and conditions of this Contract for Sale and Purchase
and any riders and addenda ("Contract"):

**I.EGAL DESCRIPTION:**

(a) Legal description of the Real Property located in:  __Marion__
County, Florida: __The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East,__
__except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion__
__County, Florida.__

 (b) Street address, city, zip, of the Property: __13776 NE Jacksonville Road, Citra, Florida 32113__
(c) Personal Property includes existing range, refrigerator, dishwasher, ceiling fans, light fixtures, and
window treatments unless specifically excluded below.

Other items included are:  __All Equine Related Personal Property__
 Items of Personal Property (and leased items, if any) excluded are:  existing range, refrigerator, dishwasher,
ceiling fans, light fixtures,.

**II. PURCHASE PRICE** (U.S. currency): SEE ADDENDUM . . . . . . . . . . . . $ __To be determined__
**PAYMENT:**

(a) Deposit held in escrow by __Remi Gunn_____ ("Seller" in the amount of . .
__$ 10.00 and Valuable Considerations.__

(b) Additional escrow deposit to be made to Escrow Agent within __TBD__ days after Effective Date
(see Paragraph III) in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __TBD__

(c) Assumption of existing mortgage in good standing (see Paragraph IV(c)) having an approximate
present principal balance of . . . . . . . . . . . . . . . . . . $ __NA SEE ADDENDUM__

(d) New mortgage financing with a Lender (see Paragraph IV(b)) in the amount of . . . . . . . . $ __NA__

(e) Purchase money mortgage and note to Seller (See Paragraph IV(d)) in the amount of. . . $ __NONE__

(f) Other:  . $ __NONE__

(g) Balance to close by cash or LOCALLY DRAWN cashier's or official bank check(s), subject
to adjustments or prorations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$____ __TBD__

**III. TIME FOR ACCEPTANCE OF OFFER AND COUNTEROFFERS; EFFECTIVE DATE:**

(a) If this offer is not executed by and delivered to all parties OR FACT OF EXECUTION communicated in
writing between the parties on or before __January 16, 2014__ , the deposit(s) will, at Buyer's option, be
returned and this offer withdrawn. **UNLESS OTHERWISE STATED, THE TIME FOR ACCEPTANCE OF
ANY COUNTEROFFERS SHALL BE 2 DAYS FROM THE DATE THE COUNTEROFFER IS DELIVERED.**

(b) The date of Contract ("Effective Date") will be the date when the last one of the Buyer and Seller has
signed or initialed this offer or the final counteroffer. If such date is not otherwise set forth in this Contract,
then the "Effective Date" shall be the date determined above for acceptance of this offer or, if applicable, the
final counteroffer.

**IV. FINANCING:**

__X__ (a) This is a cash transaction with no contingencies for financing;

___ (b) This Contract is contingent on Buyer obtaining approval of a loan ("Loan Approval") within _____

days after Effective Date for (CHECK ONLY ONE): ❑ a fixed; ❑ an adjustable; or ❑ a fixed or adjustable
rate loan, in the principal amount of $_____ , at an initial interest
rate not to exceed _____%, discount and origination fees not to exceed _____% of principal
amount, and for a term of _____
years. Buyer will make application within _____ days (if blank, then 5 days) after Effective Date and use
reasonable diligence to obtain Loan
Approval and, thereafter, to satisfy terms and conditions of the Loan Approval and close the loan. Buyer
shall pay all loan expenses. If Buyer
fails to obtain a Loan Approval or fails to waive Buyer's rights under this subparagraph within the time for
obtaining Loan Approval or, after

diligent, good faith effort, fails to meet the terms and conditions of the Loan Approval by Closing, then either party thereafter, by written notice
to the other, may cancel this Contract and Buyer shall be refunded the deposit(s);

❑ (c) Assumption of existing mortgage (see rider for terms); or

❑ (d) Seller financing (see Standard B and riders; addenda; or special clauses for terms).

**V. TITLE EVIDENCE:** At least _____ days (if blank, then 5 days) before Closing:

❑ (a) Title insurance commitment with legible copies of instruments listed as exceptions attached thereto

("Title Commitment)" and, after Closing, an owner's policy of title insurance (see Standard A for terms); or ❑
(b) Abstract of title or other evidence of title (see rider for terms), shall be obtained by (CHECK ONLY ONE):

❑ (1) Seller, at Seller's expense and delivered to Buyer or Buyer's attorney; or **X** (2) Buyer at Buyer's expense.

**VI. CLOSING DATE:** This transaction shall be closed and the closing documents delivered on or before
**January 16, 2015** _ ("Closing"), unless modified by other provisions of this Contract. If Buyer is unable to obtain Hazard, Wind, Flood, or Homeowners' insurance at a reasonable rate due to extreme weather conditions, Buyer may delay Closing for up to 5 days after such coverage becomes available.

**VII. RESTRICTIONS; EASEMENTS; LIMITATIONS:** Seller shall convey marketable title subject to: comprehensive land use plans, zoning, restrictions, prohibitions and other requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; outstanding oil, gas and mineral rights of record without right of entry; unplatted public utility easements of record (located contiguous to real property lines and not more than 10 feet in width as to the rear or front lines and 7 1/2 feet in width as to the side lines); taxes for year of Closing and subsequent years; and assumed mortgages and purchase money mortgages, if any (if additional items, see addendum); provided, that there exists at Closing no violation of the foregoing and none prevent use of the Property for
**__ALL INTENDED__** purpose(s).

**VIII. OCCUPANCY:** Seller shall deliver occupancy of Property to Buyer at time of Closing unless otherwise stated herein. If Property is intended to be rented or occupied beyond Closing, the fact and terms thereof and the tenant(s) or occupants shall be disclosed pursuant to Standard F.
If occupancy is to be delivered before Closing, Buyer assumes all risks of loss to Property from date of occupancy, shall be responsible and liable for maintenance from that date, and shall be deemed to have accepted Property in its existing condition as of time of taking occupancy.

**IX. TYPEWRITTEN OR HANDWRITTEN PROVISIONS:** Typewritten or handwritten provisions, riders and addenda shall control all printed provisions of this Contract in conflict with them.

**X. ASSIGNABILITY:** (CHECK ONLY ONE): Buyer **X** may assign and thereby be released from any further liability under this Contract; _____ may assign but not be released from liability under this Contract; or _____ may not assign this Contract.

**XI. DISCLOSURES:**

(a) ❑ CHECK HERE if the Property is subject to a special assessment lien imposed by a public body

payable in installments which continue beyond Closing and, if so, specify who shall pay amounts due after

Closing: ❑ Seller ❑ Buyer ❑ Other (see addendum).

(b) Radon is a naturally occurring radioactive gas that when accumulated in a building in sufficient quantities may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida.
Additional information regarding radon or radon testing may be obtained from your County Public Health unit.
(c) Buyer acknowledges receipt of the Florida Building Energy-Efficiency Rating System Brochure.
(d) If the real property includes pre-1978 residential housing then a lead-based paint rider is mandatory.
(e) If Seller is a "foreign person" as defined by the Foreign Investment in Real Property Tax Act, the parties shall comply with that Act.
(f) If Buyer will be obligated to be a member of a homeowners' association, **BUYER SHOULD NOT EXECUTE THIS CONTRACT UNTIL BUYER HAS RECEIVED AND READ THE HOMEOWNERS' ASSOCIATION DISCLOSURE.**

**XII. MAXIMUM REPAIR COSTS:** Seller shall not be responsible for payments in excess of:
(a) $ **0** for treatment and repair under Standard D (if blank, then 2% of the Purchase Price).
(b) $ **0** for repair and replacement under Standard N not caused by Wood Destroying Organisms (if blank, then 3% of the Purchase Price).

**XIII. RIDERS; ADDENDA; SPECIAL CLAUSES:**
CHECK those riders which are applicable AND are attached to this Contract:

___ CONDOMINIUM ❑ VA/FHA ❑ HOMEOWNERS' ASSN. ❑ LEAD-BASED PAINT

___ COASTAL CONSTRUCTION CONTROL LINE ❑ INSULATION ❑ "AS IS" ❑ Other Comprehensive
Rider Provisions

X  Addenda

Special Clause(s):

## SEE ATTTACHED ADDENDUM

**XIV. STANDARDS FOR REAL ESTATE TRANSACTIONS ("Standards"):** Buyer and Seller acknowledge
receipt of a copy of Standards A through W on the reverse side or attached, which are incorporated as part
of this Contract.

**THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK
THE ADVICE OF AN ATTORNEY PRIOR TO SIGNING.**

THIS FORM HAS BEEN APPROVED BY THE FLORIDA ASSOCIATION OF REALTORS® AND THE
FLORIDA BAR.

Approval does not constitute an opinion that any of the terms and conditions in this Contract should be
accepted by the parties in a particular transaction. Terms and conditions should be negotiated based upon
the respective interests, objectives and bargaining positions of all interested persons.

**BUYER:**                                           **SELLER:**

_James M. Thompson_ ___ 01/11/2013          _Remi Gunn_ ___ 1/14/14
JAMES M. THOMPSON         (DATE)            REMI GUNN            (DATE)

Buyers' address for purposes of notice **5631 SE Laguna Avenue, Stuart, FL 34997**
Phone: **772.283.3749**

Sellers' address for purposes of notice **2901 SW 41ST Street, Apt. 3112, Ocala Florida 34474**
Phone: **352.443.1272**

## ATTACHMENTS:

## ADDENDUM AFFIDAVIT to CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE

## ADDENDUM AFFIDAVIT

THIS ADDENDUM AFFIDAVIT is part thereof:

## CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE, by and between;

**REMI GUNN, 2901 SW 41ST STREET, APT. 3113, OCALA  FLORIDA 34474** _____ ("Seller"),
and_____
**JAMES M. THOMPSON, 5631 SE LAGUNA AVENUE, STUART, FLORIDA 34997** ("Buyer"),
Legal description of the Real Property located in: __**Marion**_____
County, Florida: **The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.**
(b) Street address, city, zip, of the Property: **13776 NE Jacksonville Road, Citra, Florida 32113.**

WITNESSETH, that the said "Seller", for and in consideration of Ten Dollars ($10.00) in hand paid by the said "Buyer", and for other good and valuable consideration, the receipt whereof  is hereby acknowledged, has by these presents does agree to the following terms and conditions for the Sale and Purchase of the above described lot, piece or parcel of land to wit:

"Buyer" acting in a mutually beneficial capacity for both parties agrees to within one year, provide all services and financial resources to protect the subject property from foreclosure, to provide a appraisal of the subject property, to produce a professional video of the Subject Property in order to enhance the sale potentials, to perform professional research in order to ascertain the marketing strategy to re-sell the subject property and to advance One Thousand Dollars ($1,000.00) to "Seller" per month from the date of the dates of the CONTRACT and this ADDENDUM.

It is understood between the parties there exist a outstanding lien on the property including all monies due to be in the approximate amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) is due.  Said lien and all encumbrances as of the dates of the CONTRACT and this ADDENDUM are of a superior interest and will be paid in full upon closing the resale transaction.

Those expenses and subsequent expenses at cost will be paid from the remaining balance of funds realized by the resale of the property respective to the contributor "Seller" or "Buyer".

Further, any and all remaining balance of funds realized by the resale of the property of which the first One Hundred Thousand Dollars ($100,000.00) will be paid solely to the "Seller" and the balance will be divided equally between the "Seller" and the "Buyer", Fifty per cent (50%) paid to the "Seller" and Fifty per cent (50%) paid to the "Buyer".

TO HAVE AND TO HOLD THE SAME, together with all rights, title, interest and to inure to the heirs the terms and conditions of the CONTRACT and this ADDENDUM to each the "Seller" and the "Buyer"

The "Seller" a resident of the State of Florida, does hereby certify, swear, affirm and declare that I am competent to give the aforementioned declarations and have done so by my free will.
And,
IN WITNESS WHEREOF, the said "Seller" party has hereunto set its hand and seal the day and year first above written.

WITNESS my signature this _**16** TH_ day of January, 2014.

_Remi Gunn_
REMI GUNN, Affiant

NOTARY: _____

_Debra Dietrich-Ramirez_
STATE OF FLORIDA:

COUNTY OF _Citrus_:

DEBRA DIETRICH-RAMIREZ
Notary Public - State of Florida
My Comm. Expires Nov 25, 2016
Commission # EE 853615

DATED: _Jan, 16, 2014_

_Jan, 16, 2014_


The "Buyer" a resident of the State of Florida, does hereby certify, swear, affirm and declare that I am competent to give the aforementioned declarations and have done so by my free will.
And,
IN WITNESS WHEREOF, the said "Buyer" party has hereunto set its hand and seal the day and year first above written.

WITNESS my signature this _11th_ day of January, 2014.

_James M. Thompson_
JAMES M. THOMPSON, Affiant

NOTARY: _____

STATE OF FLORIDA:

COUNTY OF _Martin_.

JOSE TAPIA
Notary Public - State of Florida
My Comm. Expires Apr 13, 2014
Commission # DD 981766
Bonded Through National Notary Assn.

DATED: _1/18/14_

# EXHIBIT 2.

This instrument prepared by:
George H. Gwynn
Williams, Gautier, Gwynn,
DeLoach, & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128

Parcel Identification No.: 07816-000-00

## TRUSTEE'S DISTRIBUTIVE DEED

THIS INDENTURE, made on March 4th, 2014, between WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST dated 12/23/96 (herein "Trust"), made by NANCY REID GUNN, whose address is 2003 E. Randolph Circle, Grantor; and REMI GUNN, whose address is 1602 NE 17th Court, Ocala, Florida, 34470, Grantee.

### WITNESSETH:

That the Grantor, pursuant to the powers granted the Trust, and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations in hand paid, grants, bargains, aliens, remises, releases, conveys, and confirms to the Grantee, and the Grantee's heirs, personal representatives, successors, and assigns forever that certain real property situate in Marion County, Florida, more particularly described as follows:

The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.

LESS AND EXCEPT:

Commence at the intersection of the South boundary of the East ½ of the Northwest ¼ of Section 21, Township 13 South, Range 22 East, with the West right-of-way line of state Road 200A (aka Old 301) thence N 00 degrees 24'08" E West right-of way line a distance of 211.18 feet to a concrete monument (previous deeds indicate that this call is 210.00 feet) to the Point of Beginning, thence continue N 00 degrees 24'08" E along said West right-of way line a distance of 587.38 feet thence N 88 degrees 1 3'36" W a distance of 1286.02 feet to a point on the West boundary of the East ½ of the NW ¼ of said Section 21, thence S 01 degrees 35'14" W along said West boundary a distance of 587.21 feet, thence S 88 degrees 13'36" E a distance of 1298.17 feet to the Point of Beginning.

SUBJECT TO:

1.     Reservations, dedications, easements and restrictions of record.
2.     Taxes for the year 2014 and all subsequent years.
3.     All valid zoning ordinances of governmental bodies.

TOGETHER WITH all and singular the tenements, hereditament, and appurtenances belonging or in any way appertaining to the real property.

TO HAVE AND TO HOLD the same unto to the Grantee, the Grantee's heirs, personal representatives, successors, and assigns, in fee simple forever.

AND THE Grantor covenants to and with the Grantee, the Grantee's heirs, personal representatives, successors, and assigns, that he presently serves as Trustee of the Trust, that the Trust is in full force and effect, that he as Trustee is empowered by the Trust to enter into this deed, and that all things preliminary to and in and about this conveyance and the laws of the State of Florida have been followed and complied with in all respects.

AND THE Grantor further covenants with the Grantee that the Grantor has good right and lawful authority to convey the property and Grantor warrants the title to the property for any acts of Grantor and will defend the title against all lawful claims of all persons claiming by, through, or under the Grantor.  Where used herein the terms Grantor and Grantee shall be construed as singular and plural as the context requires.

IN WITNESS WHEREOF, Grantor has set his hand and seal on the date and year first above written.

Signed, sealed and delivered
in the presence of:

_____          _____ Trustee _____ (SEAL)
Witness Signature                                                   WALLIS L. WALKER, JR., as Trustee

_____
Print Witness Name

_____
Witness Signature

_____
Print Witness Name

STATE OF FLORIDA
COUNTY OF LEON

The foregoing trustee's distributive deed was sworn to and acknowledged before me this _____ day of March, 2014, by WALLIS L. WALKER, JR., as Trustee of the NANCY REID GUNN REVOCABLE TRUST u/t/d 12/23/96, who is ☒ personally known to me or who has ☐ produced _____ as identification.



CELINDA C. YOUNG
Commission # EE 849918
Expires December 25, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Print Notary Name: Celinda C. Young
Notary Public, State of Florida at Large

# EXHIBIT 3.

## **AFFIDAVIT**

I, JAMES M. THOMPSON a resident of Florida, County of Martin, do hereby certify, swear, affirm and declare that I am competent to give the following declaration based on my personal knowledge, and the preceding facts and issues are true and correct to the best of my knowledge;

As Plaintiff, IN THE CIVIL COURT OF MARION COUNTY FLORIDA
Re: JAMES M. THOMPSON Plaintiff, Vs. REMI GUNN Defendant.

WITNESS my signature this _8_ day of October, 2014.

James M. Thompson, Affiant

Either known to me or having proper identification, Affiant personally came before me and having been duly sworn did state and affirm the above statements. On this the _8th_ day of October, 2014.

NOTARY: Melissa Marie Knox

State of Florida
County of Martin _____

SEAL:

MELISSA MARIE KNOX
Notary Public, State of Florida
Commission # FF 21326
My comm. expires May 23, 2017

# EXHIBIT C

IN THE CIVIL COURT OF MARION COUNTY FLORIDA

CASE NO: 14- CC- 714

JAMES M. THOMPSON
Plaintiff,

Vs.

REMI GUNN
Defendant.

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO
DATE: 10/13/2014 02:47:17 PM
FILE #: 2014097179   OR BK 6111 PGS 716-717
REC FEES: $9.00 INDEX FEES: $0.00
DDS: $0 MDS: $0 INT: $0

## LIS PENDENS

PLEASE TAKE NOTICE that this action was commenced in the above named court by the above entitled Plaintiff against the above entitled Defendant, and is now pending. The Plaintiff alleges a real property claim affecting real property located at 13776 NE Jacksonville Road, Citra, Florida 32113.

The land referred to herein is situated in Marion County, State of Florida and bears the legal description as follows:

**The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.**

**LESS AND EXCEPT:**

**Commence at the intersection of the South boundary of the East ½ of the Northwest ¼ of Section 21, Township 13 South, Range 22 East, with the West right-of-way line of state Road 200A (aka Old 301) thence N 00 degrees 24'08" E West right-of way line a distance of 211.18 feet to a concrete monument (previous deeds indicate that this call is 210.00 feet) to the Point of Beginning, thence continue N 00 degrees 24'08" E along said West right-of way line a distance of 587.38 feet thence N 88 degrees 13'36" W a distance of 1286.02 feet to a point on the West boundary of the East ½ of the NW ¼ of said Section 21, thence S 01degrees 35'14" W along said West boundary a distance of 587.21 feet, thence S 88 degrees 13'36" E a distance of 1298.17 feet to the Point of Beginning.**

DATED: 10/09/2014

Respectfully Submitted,

JAMES M. THOMPSON, Plaintiff

RETURN TO CIRCUIT CIVIL

## VERIFICATION

I am the plaintiff in this action. I have read the foregoing complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

JAMES M. THOMPSON, PLAINTIFF          DATE 10/09/2014

Copy to Defendant:

Remi Gunn
1602 NE 17th Court
Ocala, FL 34470

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(Jacksonville Division)**

CASE NO: 3:15-bk-341-PMG

In re:

REMI GUNN
   Debtor.

### LIS PENDENS

     PLEASE TAKE NOTICE that this action was commenced in the above named court by the Creditor James M. Thompson the above entitled Debtor, and is now pending. The Creditor alleges a real property claim affecting real property located at 13776 NE Jacksonville Road, Citra, Florida 32113.

     The land referred to herein is situated in Marion County, State of Florida and bears the legal description as follows:

**The East ½ of the NW ¼ of Section 21, Township 13 South, Range 22 East, except the South 210 feet thereof, and except Road Right of Way, lying and being in Marion County, Florida.**

**LESS AND EXCEPT:**

**Commence at the intersection of the South boundary of the East ½ of the Northwest ¼ of Section 21, Township 13 South, Range 22 East, with the West right-of-way line of state Road 200A (aka Old 301) thence N 00 degrees 24'08" E West right-of-way line a distance of 211.18 feet to a concrete monument (previous deeds indicate that this call is 210.00 feet) to the Point of Beginning, thence continue N 00 degrees 24'08" E along said West right-of-way line a distance of 587.38 feet thence N 88 degrees 13'36" W a distance of 1286.02 feet to a point on the West boundary of the East ½ of the NW ¼ of said Section 21, thence S 01degrees 35'14" W along said West boundary a distance of 587.21 feet, thence S 88 degrees 13'36" E a distance of 1298.17 feet to the Point of Beginning.**

DATED: 03/16/2015

Respectfully Submitted,

_JAMES M. THOMPSON, Creditor_

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO
DATE: 03/23/2015  02:47:10 PM
FILE #: 2015026065  OR BK 6184 PGS 1356-1357
REC FEES: $9.00 INDEX FEES: $0.00
DDS: $0 MDS: $0 INT: $0

## VERIFICATION

I am the Creditor in this action. I have read the foregoing petition and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Florida that the ̇egoing is true and correct.

̇ "Creditor" a resident of the State of Florida, does hereby certify, swear, affirm and ̇lare that I am competent to give the aforementioned declarations and have done so by ̇ free will.

And,

IN WITNESS WHEREOF, the said "Creditor" has hereunto set its hand and seal the day and year first above written.

WITNESS my signature this ___16th___ day of March, 2015.


_____
JAMES M. THOMPSON, Creditor


NOTARY:

STATE OF FLORIDA:

COUNTY OF ___Martin___.                    DATED: ___3/16/15___


Copy to the following:              State of ___Florida___ County of ___Martin___
                                    Subscribed and sworn before me on ___3/16/15___
Remi Gunn, Debtor                                                    (Date)
1602 NE 17th Court                   _____
Ocala, FL 34470                           (Notary Signature)


Debtor's Attorney:                           Jose Tapia
                                           State of Florida
RICHARD A. PERRY             My Commission Expires 04/13/2018
820 East Fort King Street           Commission No. FF 109909
Ocala, Florida 34471-2320

# EXHIBIT D

IN THE COUNTY COURT, IN AND FOR MARION COUNTY, FLORIDA

JAMES M. THOMPSON,

     Plaintiff,

vs.                               CASE NO.: 14-714-CC

REMI GUNN,

     Defendant.

_____/

### ORDER SETTING NON-JURY TRIAL

THIS CAUSE having come before the Court for Status Conference on January 5, 2015, and the Court being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED that:**

1. The Non-Jury Trial in this matter will be held on **Thursday, February 5, 2015 at 10:00 a.m., Eastern Time, two  (2) hours** is set aside, or as soon thereafter as can be heard, at the Marion County Judicial Center, 110 N.W. First Avenue, Ocala, Florida, Courtroom 4B, before the Honorable Robert E. Landt.

2. The parties are instructed that they must furnish the names and addresses of all witnesses they intend to call at trial and to permit inspection or furnish copies of all documents, exhibits or tangible evidence that they intend to use at trial to the other party in this case on or before **January 21, 2015**.

3. Discovery may be had in accordance with Small Claims Rule 7.020.

4. The parties are required to appear for the Non-Jury Trial in person.

5.  The Non-Jury Trial shall not be cancelled or rescheduled without further Order of this Court.

**DONE AND ORDERED** this ___6___ day of January, 2015, in Chambers, Ocala, Florida.

ROBERT E. LANDT
County Judge

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. Mail this _____ day of January, 2015, to James M. Thompson, 5631 S.E. Laguna Avenue, Stuart, FL 34997 and Reuben S. Williams, IV, Esq., 954 E. Silver Springs Blvd., Ocala, FL 34470.

Kimberly J. Banks, Judicial Assistant

# EXHIBIT E

Welcome James Richard

Logout    Support

home › case search › view case

CASE NUMBER:    42-2014-CC-000714-AXXX-XX
FILE DATE:    10/10/2014
JUDGE:    ROBERT E. LANDT

PLAINTIFF:    THOMPSON JAMES M.

DEFENDANT:    GUNN REMI

## DOCKETS | PAYMENTS

DOCKETS

| DATE | EVENT | COUNT | PARTY | IMAGE | AMOUNT |
|------|-------|-------|-------|-------|--------|
| 02/05/2015 | HEARING SET | | | | $0.00 |
| | Calendar Posting on 01/23/2015 | | | | |
| 02/05/2015 | HEARING SET | | | | $0.00 |
| | NON JURY TRIAL | | | | |
| 02/03/2015 | SUGGESTION OF BANKRUPTCY | | | 🖼 | $0.00 |
| 01/20/2015 | NOTICE TO COURT | | | 🖼 | $0.00 |
| | FROM PLAINTIFF JAMES M THOMPSON | | | | |
| 01/08/2015 | WITNESS AND EXHIBIT LIST | | GUNN REMI | 🖼 | $0.00 |
| 01/06/2015 | ORDER SETTING NON-JURY TRIAL | | | 🖼 | $0.00 |
| | SCHEDULED FOR 2/5/15 AT 1000 AM | | | | |
| 01/06/2015 | ORDER DENYING REQUEST | | | 🖼 | $0.00 |
| | ORDER DENYING PLAINTIFFS APPLICATION TO REQUEST | | | | |
| | RESCHEDULING OF THE STATUS CONFERENCE HEARING | | | | |
| 01/06/2015 | JUDGES WORKSHEET | | | 🖼 | $0.00 |
| 01/05/2015 | HEARING SET | | | | $0.00 |
| | Calendar Posting on 12/03/2014 | | | | |
| 12/31/2014 | COPY OF: (SEE TEXT DESCRIPTION) | | | 🖼 | $0.00 |
| | PLAINTIFFS APPLICATION TO REQUEST RESCHEDULING OF THE | | | | |
| | STATUS CONFERENCE HEARING | | | | |
| 12/31/2014 | MOTION TO RESET/RESCHEDULE | | | 🖼 | $0.00 |
| | FILED BY PLT PRO SE | | | | |
| 12/22/2014 | NOTICE OF APPEARANCE | | | 🖼 | $0.00 |
| 12/02/2014 | ORDER SETTING CASE FOR STATUS | | | 🖼 | $0.00 |
| | ORDER SETTING STATUS CONFERENCE | | | | |
| 11/24/2014 | CORR/MEMO FROM CLERKS OFFICE | | | 🖼 | $0.00 |
| | TO PLAINTIFF JAMES M THOMPSON | | | | |
| 11/24/2014 | MOTION FOR DEFAULT & DEFAULT | | | 🖼 | $0.00 |
| | PLAINTIFFS SECOND MOTION FOR DEFAULT NOT ENTERED | | | | |
| | DEFENDANT FILED RESPONSE ON 11/10/14 | | | | |

4/14/2015     Case Search - POLO Enquiry           

Case 3:15-bk-00341-PMG  Doc 22  Filed 04/16/15  Page 36 of 48

| 11/17/2014 | DEFAULT NOT ENTERED | | | $0.00 |
| | DEFENDANT ANSWERED ON 11/10/14 | | | |
| 11/14/2014 | MOTION FOR DEFAULT | | | $0.00 |
| | AGAINST DEFENDANT REMI GUNN | | | |
| 11/12/2014 | CLERKS NOTE TO FILE NO DOC # | | | $0.00 |
| | PROPOSED ORDER FOR GOOD CAUSE SENT TO JUDGE LANDT | | | |
| 11/10/2014 | REQUEST FOR HEARING | | | $0.00 |
| | FROM DEFENDANT REMI GUNN | | | |
| 10/20/2014 | NOTICE OF RECORDING | | | $0.00 |
| | FROM PLAINTIFF JAMES M THOMPSON | | | |
| 10/16/2014 | SUMMONS RETURNED SERVED | | | $0.00 |
| | INDIVIDUAL SERVICE TO DEFENDANT REMI GUNN ON 10/15/14 | | | |
| 10/14/2014 | NOTICE OF LIS PENDENS | | | $0.00 |
| 10/10/2014 | SUMMONS ISSUED | GUNN REMI | | $0.00 |
| 10/10/2014 | CIVIL COVER SHEET | | | $0.00 |
| 10/10/2014 | PETITION/COMPLAINT | | | $0.00 |
| 10/10/2014 | PETITION/COMPLAINT NO DOC# | | | $0.00 |
| 10/10/2014 | ASM: CLERK FEE TO ESCROW ACCT | THOMPSON JAMES M | | $9.00 |
| 10/10/2014 | ASM: ISSUE SUMMONS-CC | THOMPSON JAMES M | | $10.00 |
| 10/10/2014 | ASM: COUNTY CIVIL CASE | THOMPSON JAMES M | | $300.00 |

Return to top

PAYMENTS

| DATE | RECEIPT # | EVENT | PARTY | AMOUNT |
|---|---|---|---|---|
| 10/10/2014 | V-128574 | FF: COUNTY CIVIL CASE | THOMPSON JAMES M | $300.00 |
| 10/10/2014 | V-128574 | PAY: ISSUE SUMMONS-CC | THOMPSON JAMES M | $10.00 |
| 10/10/2014 | V-128574 | PAY: CLERK FEE TO ESCROW ACCT | THOMPSON JAMES M | $9.00 |

* bold records have been voided

Return to top

home | administration | case search | official records search | plats | right of way books

SiteDirector ver 1.3 © 2015 GSL Solutions, Inc. All rights reserved.

# EXHIBIT F

## Search License by Name ❓

### Name Information
### Search By Individual Name

Last Name:      Thompson

First Name:      James

Middle Name:      M

### Or Search By Organization/Establishment Name

Organization/Establishment Name:

☐ Search Names Beginning with Exactly What You Typed

☑ Include Names With Alternate Spellings To What You Typed

### Additional Search Criteria

License Category:      Real Estate   ▼

License Type:      Real Estate Broker or Sales  ▼   ❓

Special Qualification:      ▼   ❓

City:

County:      ▼

State:      ▼

☐ Include Historic Licenses

Licenses Per Page:   10 ▼    Search    Clear    Back

The State of Florida is an AA/EEO employer. Copyright 2007-2010 State of Florida. Privacy Statement

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our Chapter 455 page to determine if you are affected by this change.

There were no records found matching the search criteria. If you suspect unlicensed activity may be occurring, please call 866-532-1440. You may also email ULA@myfloridalicense.com.

Search Results

Please see our glossary of terms for an explanation of the license status shown in these search results.

For additional information, including any complaints or discipline, click on the name.

| License Type | Name | Name Type | License Number/ Rank | Status/Expires |
|---|---|---|---|---|

 

**\* denotes**
   Main Address - This address is the Primary Address on file.
   Mailing Address - This is the address where the mail associated with a particular license will be sent (if different from the Main or License Location addresses).
   License Location Address - This is the address where the place of business is physically located.

1940 North Monroe Street, Tallahassee FL 32399 :: Email: Customer Contact Center :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. Copyright 2007-2010 State of Florida. Privacy Statement

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our Chapter 455 page to determine if you are affected by this change.

## Search License by Name  (?)

### Name Information

**Search By Individual Name**

Last Name:     Thompson

First Name:     James

Middle Name:     M

**Or Search By Organization/Establishment Name**

Organization/Establishment Name:

☐ Search Names Beginning with Exactly What You Typed

☑ Include Names With Alternate Spellings To What You Typed

### Additional Search Criteria

License Category:     ▼

License Type:     ▼     (?)

Special Qualification:     ▼     (?)

City:

County:     ▼

State:     ▼

☐ Include Historic Licenses

Licenses Per Page:  10 ▼     Search     Clear     Back

1940 North Monroe Street, Tallahassee FL 32399 :: Email: Customer Contact Center :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. Copyright 2007-2010 State of Florida. Privacy Statement

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our Chapter 455 page to determine if you are affected by this change.

**Data Contained In Search Results Is Current As Of 04/14/2015 06:21 PM.**

Search Results

**Please see our** glossary of terms **for an explanation of the license status shown in these search results.**

**For additional information, including any complaints or discipline, click on the name.**

| License Type | Name | Name Type | License Number/ Rank | Status/Expires |
|---|---|---|---|---|
| Nail Specialist | THOMASSON, JAMES M | Primary | FV0527696 Nail Specialist | Null and Void, 10/31/1994 |

Main Address*: 2872 PLAZA TERR DR ORLANDO, FL 32803

| Cosmetologist | THOMASSON, JAMES MICHAEL | Primary | CL0185536 Cosmetologist | Null and Void, 10/31/1994 |
|---|---|---|---|---|

Main Address*: 2872 PLAZA TERRACE DRIVE ORLANDO, FL 32803

| Cardroom Employee Occupational | THOMPSON, JAMES M JR. | Primary | 7293892 CR Emp Occup | Current 06/30/2015 |
|---|---|---|---|---|

Main Address*: 602 NORTH B ST. LAKE WORTH, FL 33460

| Pari-Mutuel Wagering Individual Occupational | THOMPSON, JAMES MATTHEW | Primary | 9849139 Prof Individual | Current 06/30/2017 |
|---|---|---|---|---|

Main Address*: 202 FASHION LANE #221 TUSTIN, CA 92780

| Certified Air Conditioning Contractor | THOMPSON, JAMES MATTHEW | Primary | | Eligible for Exam |
|---|---|---|---|---|

Main Address*: 19740 HUBER RD NORTH FORT MYERSD, FL 33917-4405

| Pari-Mutuel General Individual Occupational | THOMPSON, JAMES MAXWELL | Primary | 7552419 Gen Individual | Current 06/30/2015 |
|---|---|---|---|---|

Main Address*: 412 NE 4 ST #1 POMPANO BEACH, FL 33060

| PMW/CR Combo General | THOMPSON, JAMES MAXWELL | Primary | 7552419 Cardroom Gen | License Expired 06/30/2011 |
|---|---|---|---|---|

Main Address*: 412 NE 4 ST #1 POMPANO BEACH, FL 33060

Certified

| Underground Utility and Excavation Contractor | THOMPSON, JAMES MICHAEL | Primary | CUC1223732 Cert Under | Current, Active 08/31/2016 |

**Main Address\*:** 15685 PINE RIDGE RD FORT MYERS, FL 33908

| Certified Building Contractor | THOMPSON, JAMES MICHAEL | Primary | CBC045702 Cert Building | Null and Void 06/30/1989 |

**License Location Address\*:**    10776 IRONSTONE DR S JACKSONVILLE, FL 32216-9765
**Main Address\*:**    10776 IRONSTONE DR S JACKSONVILLE, FL 32216-9765

| Certified Underground Utility and Excavation Contractor | THOMPSON, JAMES MICHAEL | Primary | | Eligible for Exam |

**Main Address\*:** 15685 PINE RIDGE RD FORT MYERS, FL 33908

[ Back ]    [ New Search ]

**\* denotes**
   Main Address - This address is the Primary Address on file.
   Mailing Address - This is the address where the mail associated with a particular license will be sent (if different from the Main or License Location addresses).
   License Location Address - This is the address where the place of business is physically located.

1940 North Monroe Street, Tallahassee FL 32399 :: Email: **Customer Contact Center** :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. **Copyright 2007-2010 State of Florida. Privacy Statement**

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. \*Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public. Please see our **Chapter 455** page to determine if you are affected by this change.

# EXHIBIT G



Home    My Finances    My Recommendations    Credit Cards    Loans    More ▾

Welcome back,

## Remi Gunn

📄 My Finances

- My Credit

Credit Karma Just Got Better! We've been hard at work to provide you with always free access to your TransUnion and Equifax credit scores and reports. Learn More

LEARN MORE
- My Recommendations
- My Profile

🛍 Shopping

- Credit Cards
- Personal Loans
- Auto Loans
- Auto Insurance

◌ Community

- Advice
- Reviews

⚙ Resources

- Calculators
- Trends
- Credit Karma Articles
- Credit Karma Blog

## Remi's Financial Overview

Credit Monitoring: ON
Advertiser Disclosure

About Your Credit Scores

Calculated using the VantageScore 3.0 model, these scores range from 300 to 850. They're calculated by TransUnion and Equifax, respectively, so the scores may vary based on each credit report.

Learn More

About VantageScore 3.0

Understanding Credit Score Differences

How Often Should My Score Change?

## My Credit Scores Scores calculated using VantageScore 3.0

ℹ

Provided by TransUnion.
578
-47
Credit Rating: Very Poor



Credit Inquiries
3
Credit Utilization
22%
Late Payments
0 ▼
Updated Feb 12, 2015 Next Update in 7 days

Provided by **EQUIFAX**
564

Credit Rating: Very Poor

Credit Inquiries
5
Credit Utilization
21%
Late Payments
2 ▼
Updated Feb 12, 2015
Compare
View Credit Reports
View Score Details

## Suggested For Your Credit

Credit One Bank® Credit Card with Gas Rewards

Approval Odds †   Good

APPLY NOW

- Unlimited 1% cash back gas rewards
- Get Pre-Qualified without affecting your credit score
- Keep an eye on your credit information with free online monthly credit score tracking
- Choose your card design from our premium gallery
- Email or text alerts to remind you when your payment is due

Read More
★★★☆☆ 322 Cardholder Reviews

Learn More

Learn More

How Late Payments Affect Your Score

## Delinquent Accounts

ⓘ

There is 1 account with late payments on your credit report.

| Accounts | Type | Status | Total Late Payments | Payment Status | Repo |
|---|---|---|---|---|---|
| REGIONS BANK DBA REG | Mortgage | Open | 25 | Past Due | Equ |

Late payments can impact your credit health.
View Payment History

Why This Is Recommended

If negative items on your credit report are damaging your credit score, you may be able to take steps to limit the damage.

Learn More

## Get Help With Your Credit

ⓘ

## Lexington Law - Free Credit Consultation

LEARN MORE

A credit consultation could help you develop a plan and grow your credit health.
Learn More
Compare Offers

Learn More

How Debts in Collections Affect Your Credit

How to Dispute an Error on Your Credit Report

## Open Accounts in Collections

ⓘ

There are 32 accounts listed as in collections on your credit report.

| Account | Balance | Payment Status | Reported By |
|---|---|---|---|
| MJ ALTMAN | $5,032 | In Collections | Equifax |
| HUN WAR | $4,942 | In Collections | Equifax |
| NE CRDTCOL | $1,407 | In Collections | Equifax |
| PINNACLE | $944 | In Collections | Equifax |
| CAVALRY | $881 | In Collections | Equifax |
| UNITEDCOLL | $602 | In Collections | Equifax |
| UNITEDCOLL | $584 | In Collections | Equifax |
| NATCREDSYS | $548 | In Collections | Equifax |
| MORONEYPC | $185 | In Collections | Equifax |
| GULFCSTCOL | $131 | In Collections | Equifax |
| UNITEDCOLL | $124 | In Collections | Equifax |
| MEDICREDIT | $123 | In Collections | Equifax |
| UNITEDCOLL | $122 | In Collections | Equifax |
| UNITEDCOLL | $106 | In Collections | Equifax |

| | | | |
|---|---|---|---|
| UNITEDCOLL | $103 | In Collections | Equifax |
| DRS BUSBUR | $100 | In Collections | Equifax |
| DRS BUSBUR | $98 | In Collections | Equifax |
| UNITEDCOLL | $91 | In Collections | Equifax |
| UNITEDCOLL | $89 | In Collections | Equifax |
| UNITEDCOLL | $87 | In Collections | Equifax |
| UNITEDCOLL | $77 | In Collections | Equifax |
| GULFCSTCOL | $73 | In Collections | Equifax |
| UNITEDCOLL | $71 | In Collections | Equifax |
| CREDT COLL | $67 | In Collections | Equifax |
| NE CRDTCOL | $63 | In Collections | Equifax |
| PINNACLE | $63 | In Collections | Equifax |
| NE CRDTCOL | $63 | In Collections | Equifax |
| UNITEDCOLL | $50 | In Collections | Equifax |
| HARVARD CO | $35 | In Collections | Equifax |
| MEDICREDIT | $33 | In Collections | Equifax |
| NRS | $29 | In Collections | Equifax |
| NRS | $29 | In Collections | Equifax |

View More

Accounts in collections could negatively affect your credit score.

View Collections Accounts

View Credit Report

Learn More

What Is Your Credit History?

## Average Age of Credit History

ⓘ

There are 3 open accounts factored into your average age of credit history.

| Open Accounts | Average Age | Oldest Account | Rating | Reported |
|---|---|---|---|---|
| 3 | 6 Yrs 7 Mos | 8 Yrs 10 Mos | Good | Equifa |

You have no installment loans.

View Age of Credit History

Why This Is Recommended

Secured cards can help build your credit with responsible use. Responsible credit card use makes up a large portion of your credit score; a secured card may be able to help

Learn More

Related Articles

Build Your Credit From Scratch

## Build Your Credit History

ⓘ

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing Statement under Penalty of Perjury in Support of Motion for Partial Summary Judgment, together with Exhibits A through G, has been served by U.S. Mail, first class, postage prepaid or by electronic notice using Case Management/Electronic Case Filing ("CM/ECF") provided by the Clerk of the United States Bankruptcy Court for the Middle District of Florida, on April 16, 2015 upon: United States Trustee | 400 W Washington St | Ste 1100 | Orlando, Fl 32801-2217; and, James M. Thompson | 5631 SE Laguna Avenue | Stuart, Florida 34997.

By: /s/ Richard A. Perry
**RICHARD A. PERRY**
Florida Bar No. 394520
820 East Fort King Street
Ocala, Florida 34471-2320
(352) 732-2299
richardperry @ richard -a-perry.com
Attorney for Debtor